UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTHONY V. BUBUTIEVSKI,

    Petitioner,

    v.                                 Case No. 3:06-cv-1130-J-12HTS
                                              3:03-cr-340-J-12HTS

UNITED STATES OF AMERICA,

    Respondent.

---

## ORDER

This cause is before the Court on the Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civ. Doc.2, Crim. Doc. 230), filed December 28, 2006. On February 1, 2007, the "United States' Motion to Dismiss or, Alternatively, Motion to Require Defendant to Supplement ...," (Civ. Doc.7) was filed. Pursuant to the Court's Order (Doc.9), the Petitioner filed a supplement to his § 2255 motion (Civ. Doc. 10) on April 4, 2007. On May 9, 2007, the "United States' Response in Opposition to [the Petitioner's §2255 Motion]" (Civ. Doc. 11) was filed. On June 11, 2007, Petitioner filed a Reply (Civ. Doc. 12) to the Respondent's response.

Petitioner's original, cursory, hand-written § 2255 motion (Civ. Doc.2) appeared to raise the issue of ineffective assistance of counsel regarding counsel's communication with Petitioner regarding the status of his appeal, as well as error in the enhancement of his sentence for obstruction of justice and the denial of his right to allocution at sentencing Because this is the Petitioner's first § 2255 motion and the factual and legal bases for the

grounds for relief asserted were vague, the Court allowed the Petitioner the opportunity to amend his § 2255 motion to "set forth each and every ground the Petitioner seeks to assert in his collateral attack on his conviction and sentence, along with the complete factual and legal basis for each ground." Civ. Doc. 9. The Petitioner also was advised "that any grounds he fails to raise in his Amended §2255 motion may be barred from further review by the Court unless he first obtains permission from the Eleventh Circuit Court of Appeals." Id.

In his supplement to his § 2255 motion (Civ. Doc. 10), the Petitioner raised four grounds for relief in addition to the grounds previously asserted: 1) denial of the third point for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b); 2) enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1; 3) entitlement to application of the "safety valve" pursuant to U.S.S.G. § 5C1.2; and 4) ineffective assistance of counsel for each ground raised in his § 2255 motion. Petitioner also seeks an evidentiary hearing on his § 2255 motion. For the reasons set forth below, the record conclusively shows that the Petitioner is not entitled to relief, so the Court will dismiss in part and deny in part the Petitioner's § 2255 motion without an evidentiary hearing.

As an initial matter, Petitioner's cursory statements in his original § 2255 motion regarding dissatisfaction regarding counsel's communication as to the status of his appeal do not warrant relief as Petitioner does not attempt to establish any prejudice regarding such alleged lack of communication. Petitioner did not further elaborate on this ground in the supplement to his motion. The Petitioner's claims of ineffective assistance of counsel in effect concern the substantive grounds he attempts to raise which the Court will address below.

2

Several grounds for relief in the Petitioner's § 2255 motion are due to be dismissed because the Petitioner entered into a valid Plea Agreement with the United States in which he waived his right to attack his conviction and sentence either "directly or collaterally, on any ground, including the applicability of the "safety valve" provisions contained in ... U.S.S.G. § 5C1.2 , except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines." Crim Doc. 97 at p. 12. In fact, the Eleventh Circuit Court of Appeals dismissed the Petitioner's direct appeal based on his knowing waiver of his right to appeal set forth in the Plea Agreement and demonstrated by the record in the case. See Crim. Doc. 225 or Civ. Doc. 11-2. For the reasons cited by the Eleventh Circuit in its opinion, the Court finds no factual or legal basis to set aside the Petitioner's waiver of his right to collaterally attack his sentence. Id.

The Petitioner's knowing and voluntary waiver effectively waived the attacks he seeks to make on his sentence as to the Court's application of the sentencing guidelines. Therefore, Petitioner has waived the challenges he seeks to make regarding enhancement for obstruction of justice, denial of the third point for acceptance of responsibility, and entitlement to application of the safety valve. Petitioner also has waived any claim of ineffective assistance of counsel as to those grounds . See Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005). As a result, the Court will dismiss the Petitioner's § 2255 motion as to these grounds.

Two issues the Petitioner has raised arguably are not governed by the appeal and collateral attack waiver provision in his Plea Agreement, and the Court addresses them each in turn. First, in his original § 2255 motion (Civ. Doc. 2), the Petitioner made cursory

allegations regarding the denial of his right to allocution at sentencing. He did not further elaborate on this ground in his subsequent submissions. Nevertheless, the record clearly demonstrates that the Petitioner was afforded his right to allocution at sentencing.

In response to the Court's inquiry regarding Petitioner's wish to make a statement or present any information in mitigation of the sentence, Petitioner's counsel called him to the stand and he was questioned by counsel under oath regarding various matters at issue in the sentencing proceeding. Crim Doc. 218 at pp. 53-53 and 114-124. At the conclusion of the Court's pronouncement of sentence, neither Petitioner nor his counsel indicated that they had any objection to the sentence or the manner in which the Court pronounced sentence. Id. at p. 161. Petitioner's failure to object constitutes a waiver of his right of allocution which the Court of Appeals will not set aside absent manifest injustice. See United States v. Rodriguez-Velasquez, 132 F. 3d 698, 700 (11th Cir. 1998). Petitioner has not shown, and given his opportunity to testify at the sentencing hearing, cannot show denial of his right to allocution or manifest injustice on the record in this case. Therefore this ground affords him no relief, nor does it support a claim for ineffective assistance of counsel.

Second, to the extent that the Petitioner's Reply (Civ. Doc.12) attempts to raise the additional issue that his plea was not knowing and voluntary, or that some basis exists to permit him to withdraw his plea, the Court finds that such argument is wholly without merit. The record clearly establishes that the Defendant's guilty plea, including his waiver of right to appeal or collaterally attack his sentence was knowing and voluntary and made with the advice of competent counsel with whom the Petitioner stated he was satisfied.

4

At his change of plea hearing, the Petitioner, under oath, after the Court reviewed with him at some length his mental health history, stated that he clearly understood the importance of the plea proceeding, that he was waiving a number of rights by pleading guilty and that he admitted the truth of the charge against him. Crim Doc. 224 at pp. 2, and 16-20. The Petitioner also stated that he understood that pursuant to the Appeal of Sentence Waiver that was a part of Plea Agreement with the United States, he gave up his right to appeal or contest his sentence directly or collaterally <u>on any ground</u>, including the applicability of the safety valve, except for an upward departure by the sentencing judge, a sentence above the statutory maximum or a sentence in violation of the law apart from the sentencing guidelines. Id. at pp. 21-22.

Petitioner also acknowledged that he understood that the guideline sentence for his offense had not yet been calculated, that the Court could sentence him outside the guideline range, and that if his sentence was more severe than expected he would be bound by his plea and have no right to withdraw it. Id. at pp. 28-31. Moreover, he stated that he understood that any recommendations set forth in the Plea Agreement were not binding on the Court and that if the Court rejected any sentencing recommendations or requests set forth therein he would have no right to withdraw his plea. Id. at p. 32-33. The Petitioner acknowledged that his signature appeared on each page of the Plea Agreement, that he understood its terms, and that he had made an independent, free and voluntary decision to plead guilty. Id. at 44-45. He also stated that he was satisfied with his attorney and the way he had been represented in the case. Id. at 23-24. Petitioner has not raised a factual or legal basis sufficient to set aside his plea, or as a result, its waiver of his right

5

to appeal or collaterally attack his sentence, or demonstrated that he did not receive effective assistance of counsel at any stage of the proceedings against him

In conclusion, for the reasons set forth above, as well as for those set forth in the United States' response (Civ. Doc.11), the Court finds that the Petitioner knowingly waived his right to collaterally attack his sentence on the sentencing guidelines grounds he asserts as well as claims of ineffective assistance of counsel as to those grounds, so that these grounds are due to be dismissed, and that all other grounds the Petitioner raises are due to be denied on the merits.

Upon review of the submissions of the parties, the record in this case, and applicable law, it is

**ORDERED AND ADJUDGED:**

That the Petitioner's § 2255 motion (Civ. Docs. 2 and 10) is dismissed in part and denied in part as set forth in this Order.

DONE AND ORDERED this 27TH day of June 2007.

Howell W. Melton
Senior United States District Judge

Copies to:
AUSA (Pashayan)
Petitioner